# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROGER J. HALDE,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. 2:16-cv-01042-JAD-CWH

**REPORT & RECOMMENDATION**

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Roger J. Halde's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's motion for reversal/remand (ECF No. 17), filed January 19, 2017, and the Commissioner's response and cross-motion to affirm (ECF Nos. 20, 21), filed February 21, 2017.

## BACKGROUND

**1.**    **Procedural History**

On February 20, 2014, Plaintiff applied for disability insurance benefits, alleging an onset date of July 30, 2013. AR[1] 172-175. Plaintiff's claim was denied initially. A hearing was conducted before an Administrative Law Judge ("ALJ") on August 25, 2015. AR 43-62. The ALJ denied Plaintiff's claim in a decision dated October 14, 2015, indicating that Plaintiff was not disabled from July 30, 2013 to the date of the decision. AR 22-35. The ALJ's decision became the Commissioner's final decision on March 16, 2016 when the Appeals Council denied review. AR 1-3. Plaintiff, on May 9, 2016, commenced this action for judicial review under 42 U.S.C.

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12).)

§§ 405(g).  *See* ECF No. 1.

**2.     The ALJ Decision**

The ALJ conducted the sequential five-step disability analysis set forth in 20 C.F.R. § 404.1520(a).  AR 22-35.  At step one, he found Plaintiff had not performed substantial gainful activity since Plaintiff's alleged onset date of July 30, 2013.  AR 24.  At step two, he found Plaintiff had the severe medically determinable impairments of degenerative disc disease, depression with paranoia, and a history of alcoholism.  *Id.*  At step three, he found Plaintiff's impairments did not meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart. P., App. 1. AR 25.  Before considering step four, the ALJ found Plaintiff had the RFC to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), subject to the following limitations: he was able to occasionally lift 10 pounds and frequently lift five pounds; he was able to sit for five hours in an eight-hour period; he was able to stand or walk for two hours in an eight-hour period; he was unable to climb but was able to perform occasional balancing, stooping, kneeling, crouching, and crawling; he was able to tolerate occasional exposure to fumes, odors, dusts, gases, and poor ventilation; he was capable of understanding, remembering, and he was able to interact occasionally with coworkers, supervisors, and the general public.  AR 27.  At step four, the ALJ determined Plaintiff was not capable of performing his past relevant work.  AR 33.  At step five, relying on vocational-expert testimony, the ALJ found Plaintiff could perform other work existing in the national economy and was therefore not disabled within the meaning of the Act.  AR 34.

**DISCUSSION**

**1.     Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying or reversing a decision of the Commissioner *de novo. See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.

*Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.  Analysis**

Plaintiff seeks reversal of the ALJ's decision because, at step five of the sequential disability analysis, the ALJ identified alternative work not compatible with the RFC. Specifically, on one hand, the ALJ determined that Plaintiff could perform work that did not require that Plaintiff interact more than "occasionally with coworkers, supervisors, and the general public." On the other hand, based upon a vocational expert's opinion, the ALJ found that Plaintiff could work in three particular occupations which, under the Dictionary of Occupational Titles ("DOT"), required frequent talking and hearing to perform. Because, according to Plaintiff, "occasional" means "less than frequent or constant," the RFC and the identified job requirements are inconsistent, the ALJ should have explained the inconsistency. Plaintiff says his failure to do so was error under *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007).

The Commissioner responds that the ALJ properly consulted with the vocational expert and obtained evidence that supported his findings. Moreover, the Commissioner argues that the DOT

job descriptions do not on their face conflict with the vocational expert's testimony.

Here, the DOT job descriptions call for certain "speaking signaling" and "temperament," but do not indicate that speaking-signaling or temperament are tantamount to <u>frequent</u> interaction with coworkers, supervisors, and the general public. The DOT is silent as to the express mental requirement at issue, and so there is no clear conflict. *See Perea v. Comm'r of Social Sec.*, No. CIV S-10-2237-CMK, No. 2012 WL 1131527, *12 (E.D. Cal. Mar. 30, 2012)(explaining "[a] conflict would exist if the DOT said one thing and the vocational expert said another. There can be no conflict where the DOT is silent because there is nothing as to which the vocational expert's testimony is in disagreement.").

The ALJ may meet his burden under step five of the sequential analysis by propounding to a vocational expert hypothetical questions based on medical assumptions, supported by substantial evidence, that reflect all the plaintiff's limitations. *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant. *See Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value. *See DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).

Here, the ALJ presented the vocational expert with a hypothetical individual with Plaintiff's vocational profile and exact RFC, and the vocational expert testified that such an individual would be capable of performing the representative jobs. The ALJ also confirmed with the vocational expert that the DOT did not cover contact with others, and the vocational expert did not rely exclusively on the DOT's general job descriptions, but also relied on his specific training and education. AR 61. *See* SSR 00–4p (The Vocational Expert "may be able to provide more specific information about jobs or occupations than the DOT."). Moreover, at the hearing, Plaintiff's attorney cross-examined the vocational expert but did not challenge the vocational expert's representation that his testimony comported with the DOT. *Id.* The ALJ's reliance on the testimony was proper because his testimony was uncontradicted. *See Solorzano v. Astrue*, 2012 U.S. Dist. LEXIS 4059 (C.D. Cal. Jan. 10, 2012) (rejecting plaintiff's argument that "apparent

conflicts" existed between VE's testimony and DOT in part because plaintiff's counsel failed to question VE about any such conflicts). Accordingly, the ALJ met his obligations under *Massachi* and SSR 00-4p to investigate potential conflicts with the DOT, and the ALJ's reliance on the expert's testimony was proper. *See Mickelson-Wurm v. Comm'r, Soc. Sec. Admin.*, 285 F. App'x 482, 486 (9th Cir. 2008) ("The ALJ must clarify the discrepancy in the opinion only where there is an apparent unresolved conflict that arises between the vocational expert's testimony and the DOT.") (emphasis in original)).

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reversal/remand (ECF No. 17) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 21) be **granted.**

## NOTICE

This Report and Recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 24, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**